UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:06-CR-147-10 |
| | ) | (VARLAN/GUYTON) |
| BRENT DEVONN OOTEN, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's *pro se* Motion to Terminate Supervised Release [Doc. 403], in which the defendant moves the Court for an early termination of his term of supervised release. In support of the motion, the defendant states that since his release, he has not been involved in any criminal activity, has successfully passed every drug test, and has had no negative reports from his probation officer. The defendant also submits that he is currently the owner of a small business and that the termination of his supervised release will enable him to pursue his dreams and provide a better life for his family.

The defendant pled guilty to conspiracy to distribute more than five kilograms of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On April 20, 2009, the defendant was sentenced to 32 months' imprisonment, followed by a five year term of supervised release. The defendant was released from prison and began his term of

supervised release on November 13, 2009. The defendant has presently served almost 2 years and 10 months of his five-year term of supervised release.

The probation officer assigned to the defendant's case has informed the Court that the defendant has been on supervised release for over 2 years of his 5 year term. The probation officer has also informed the Court that the defendant has been in compliance with all the conditions of his supervised release and has tested negative on all drug screens. The probation officer has not, however, indicated that the officer has no objection to the defendant's request, noting that it is the general policy of the probation office to recommend early termination after an offender has completed two-thirds of a sentence. Accordingly, it is the recommendation of the probation officer that early termination in this case remain with policy procedures and that the defendant's supervised release not be terminated early.

Section 3583(e)(1), United States Code, Title 18, provides that:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e)(1).

After carefully considering the requirements of the statute, the Court does not find, at this time, that the factors support an early termination of the defendant's supervised

release.  While the Court does not take lightly and applauds the defendant's compliance with the conditions of his supervised release, his negative drug testes, and his cooperation with his probation officer, the Court finds that the relevant portions of 18 U.S.C. § 3553(a) do not support an early termination of the defendant's supervised release.  *See* 18 U.S.C. § 3553(a)(1) ("the nature and circumstances of the offense"); (a)(2)(B) ("to afford adequate deterrence to criminal conduct"); (a)(2)(C) ("to protect the public from future crimes of the defendant").  The Court notes, in particular, that while the defendant was safety valve eligible due to the age of his convictions, the instant offense is the defendant's second felony drug conviction.  The Court also notes that the defendant has not yet served two-thirds of his term of supervised release and that the probation officer has not recommended early termination of supervised release.

Accordingly, the Court does not find that an early termination of the defendant's supervised release would be appropriate at this time.  Because the Court does not find that the requirements of 18 U.S.C. § 3583(e)(1) have been satisfied, the defendant's *pro se* Motion to Terminate Supervised Release [Doc. 403] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE